**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL SERWE,

        Plaintiff,

vs.

U.S. SECURITY ASSOCIATES, INC., *et al.*

        Defendants.

Case No.: 2:18-cv-00878-GMN-NJK

**ORDER**

Pending before the Court is Plaintiff Michael Serwe's ("Plaintiff") Motion to Remand, (ECF No. 7). Defendant U.S. Security Associates, Inc. ("U.S. Security"), filed a Response, (ECF No. 10), and Plaintiff filed a Reply, (ECF No. 12). For the reasons stated herein, Plaintiff's Motion to Remand is **DENIED.**

**I.**     **BACKGROUND**

This case arises from a motor vehicle collision between Plaintiff and a U.S. Security employee, Defendant Tia Cooks ("Cooks")[1] on March 25, 2017. (First Am. Compl. ("FAC") ¶¶ 11, 15, ECF No. 21). On or about September 20, 2017, Plaintiff submitted a settlement demand letter to U.S. Security, explaining that as a result of the collision he had "sustained serious bodily injuries for which he required medical treatment." (Settlement Demand at 8, Ex. 1 to Mot. to Remand, ECF No. 7). Plaintiff's settlement demand included special damages totaling more than $265,000. (Mot. to Remand 2:4–9, ECF No. 7).

On January 17, 2018, Plaintiff filed his Complaint in the Eighth Judicial District Court for Clark County, Nevada. (Compl. 6:14, ECF No. 1-2). U.S. Security was served on February 27, 2018. (Mot. to Remand 2:13–15). In his Complaint, Plaintiff asserted a negligence claim

---

[1] Cooks is no longer an employee of U.S. Security. (Resp. 7:12–15, ECF No. 10).

against U.S. Security and its unidentified employee, John Doe Driver. (*See generally* Compl.). On April 27, 2018, Plaintiff filed a Request for Exemption from state court arbitration, detailing special damages in excess of $265,000. (Pet. for Removal ¶ 3, ECF No. 1).

On May 15, 2018, U.S. Security filed its Petition for Removal, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶ 1). Shortly thereafter, Plaintiff filed the instant Motion to Remand. After the Motion had been fully briefed, Plaintiff was granted leave to amend the Complaint, replacing John Doe Driver with Cooks. (Order 1:18, ECF No. 20); (FAC ¶ 3).

## II. <u>LEGAL STANDARD</u>

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

If a plaintiff files a civil action in state court, a defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000 and complete diversity of citizenship exists. 28 U.S.C. § 1332(a). Complete diversity of citizenship means that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566

(9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing defendant always has the burden of establishing that removal is proper. *Id.*

### III. <u>DISCUSSION</u>

In the instant Motion, Plaintiff argues that remand is appropriate because U.S. Security's Petition for Removal was untimely filed and because complete diversity does not exist. (Mot. to Remand 4:10–17, ECF No. 7). The Court will address each argument in turn.

#### 1. Timeliness of Removal

The notice of removal in a diversity case must be filed within 30 days after receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). However,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Here, Plaintiff asserts that by the time his Complaint was filed, U.S. Security should have known the case was removable because the September 2017 demand letter sought damages in excess of $265,000. (Mot. to Remand 2:9–11). Therefore, Plaintiff claims that U.S. Security's Petition should have been filed no later than 30 days after February 27, 2018, when it was served with Plaintiff's Complaint. (*Id.* 4:1–2). However, U.S. Security contests that because the settlement demand letter was sent before litigation was initiated, the letter could not provide notice of removability. (Resp. 2:4–5, ECF No. 10). U.S. Security argues that Plaintiff's Request for Exemption from state court arbitration, filed on April 27, 2018, constituted the first "other paper" under 28 U.S.C. § 1446(b)(3), and therefore, U.S. Security's removal on May 15, 2018, was timely. (*Id.* 6:18–20).

"[T]he grounds for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005). Removability must be ascertainable from the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. When removability is not ascertainable from the initial pleadings, the second 30-day clock will not be triggered until the defendant receives the first "other paper" where it "can be ascertained from the face of the document that removal is proper." *Id.*

The Ninth Circuit interpreted the meaning of "other paper" within the context of § 1446 in *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010).[2] There, the plaintiff issued a settlement demand letter prior to filing her complaint and therefore the plaintiff argued that the defendant knew the case was removable when the action was filed. *Id.* at 885. The court held that "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." *Id.* at 886. While a demand letter sent *during* the state litigation may be an "other paper" within § 1446, prelitigation documents sent several months before a complaint is filed cannot constitute an "other paper." *Id.* at 885. The court noted that "other paper" includes documents such as "an amended pleading, motion, [or] order" and that these kinds of documents, which are generally received during litigation, may trigger the second thirty-day removal period. *Id.*; 28 U.S.C. § 1446(b)(3). Therefore, "other paper[s] . . . logically cannot predate the initial pleading" and cannot include any document issued prior to the complaint. *Carvahlo*, 629 F.3d at 885–86.

Here, like in *Carvalho*, Plaintiff asserts that removability was ascertainable based on a settlement demand letter issued prior to litigation. Similarly, the Court rejects Plaintiff's argument that the settlement demand letter placed U.S. Security on notice that the amount in

---

[2] In *Carvahlo*, the court interpreted § 1446 in the context of a class action. While the instant case is not a class action, the court's interpretation still applies here because § 1446 governs removability of all civil actions.

controversy was in excess of $75,000 and the case was removable.  Because the settlement demand letter predated service of the initial pleadings, the letter cannot provide notice to U.S. Security that the claim was removable. *See Carvahlo*, 629 F.3d at 885–86.  The initial pleadings only allege "general and compensatory damage in an amount in excess of $10,000." (Compl. ¶ 20).  Because the pleadings did not affirmatively reveal the grounds for removal, U.S. Security was not required to file its Petition for Removal within 30 days after it was served with the complaint.  In this litigation, the first paper received demonstrating the amount in controversy to be in excess of $75,000 was Plaintiff's Request for Exemption of state court arbitration. (Pl.'s Req. for Exemption, ECF No. 1-3).

Plaintiff cites *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013), to argue that U.S. Security should not be able to ignore documents that may ascertain removability. (Mot. to Remand 3:7–10).  However, *Roth* did not address whether prelitigation documents may ascertain removability and noted that a defendant does not have a duty to investigate whether the case is removable. *Id.* at 1125 (citing *Harris*, 425 F.3d at 693–94). Plaintiff also relies on *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002), to assert that settlement letters may be considered relevant evidence of the amount in controversy. (Mot. to Remand 3:16–19).  While Plaintiff's assertion is correct, *Cohn* did not address the issues in the present case: whether a settlement demand letter would notify the defendant of removability when the claim was filed, or whether such a letter constitutes an "other paper" within § 1446.

Here, the Court finds that Plaintiff's Request for Exemption from Arbitration filed on April 27, 2018, constitutes an "other paper" within the meaning of § 1446(b)(3).  Therefore, U.S. Security had 30 days to file its notice of removal beginning April 27, 2018.  Accordingly, the Court finds that the Petition for Removal was timely filed on May 15, 2018.

///

///

### 2. Diversity

Plaintiff asserts that the diversity requirement of 28 U.S.C. § 1332 is not satisfied because Plaintiff and Defendant John Doe Driver are both Nevada citizens. (Mot. to Remand 4:17–20). U.S. Security responds, and the Court agrees, that the citizenship of a fictitious defendant is irrelevant when assessing diversity of citizenship. (*See* Resp. 6:25–27). When "determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Because John Doe Driver is a fictitious litigant, his citizenship is not relevant when analyzing whether parties are diverse.

Nevertheless, the Court has a continuing duty to assess its own jurisdiction. Fed. R. Civ. P. 12(h). Here, Plaintiff's Amended Complaint, which was filed after the instant Motion was fully briefed, replaces fictitious defendant John Doe Driver with Cooks and alleges that Cooks is a Nevada citizen. (FAC ¶ 3). If true, this would destroy diversity of citizenship. *See* 28 U.S.C. § 1332. However, in her Answer, Cooks asserts that while she was a Nevada citizen at the time of the accident, she is currently a Florida citizen. (Answer ¶ 2, ECF No. 33).

"[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)); *see China Basin Props., Ltd. v. Allendale Mut. Ins. Co.*, 818 F. Supp. 1301, 1302 (N.D. Cal. 1992) ("With respect to the [defendants] that the plaintiff has added in her amended complaint, diversity jurisdiction depends on the facts as they stood when the amended complaint was filed."); *see also Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966). Here, the action was brought against Cooks on June 28, 2018, when Plaintiff filed his Amended Complaint. (FAC 6:19). Thus, while Cooks indicates that she is currently a Florida citizen, it is Cooks's citizenship at the time the Amended Complaint was filed that is relevant in determining diversity jurisdiction.

Given the disparity between Plaintiff's Amended Complaint and Cooks's Answer, the Court orders Cooks to show cause as to why the Court should not remand this action to the Eighth Judicial District Court for failure to satisfy the diversity jurisdiction requirements set forth in 28 U.S.C. § 1332. Cooks shall have fourteen days from the entry of this Order to file a brief, not to exceed ten pages, clarifying her citizenship as of June 28, 2018, the day the Amended Complaint was filed. Plaintiff shall have seven days thereafter to file his response. No reply shall be filed. Failure to comply with this Order will result in this case being remanded to the Eighth Judicial District Court.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 7), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Cooks shows cause as to why the Court should not remand this action to the Eighth Judicial District Court for failure to satisfy the diversity jurisdiction requirements set forth in 28 U.S.C. § 1332. Cooks shall have fourteen days from the entry of this Order to file a brief, not to exceed ten pages, clarifying her citizenship as of June 28, 2018. Plaintiff shall have seven days thereafter to file his response. No reply shall be filed. Failure to comply with this Order will result in this case being remanded to the Eighth Judicial District Court.

**DATED** this __25__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court